\* Rev. 5/18/2016

# **ATTACHMENT NO. 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |   |
|---|---|---|
|  | ) | CASE NO. |
|  | ) |  |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
|  | ) |  |
| v. | ) | **DISCOVERY PLAN** |
|  | ) |  |
|  | ) | (*See* Fed. R. Civ. P. 26(f) |
| Defendant. | ) | and LR 16.3(b)(3)) |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on _____, 20___, at _____ and was attended by:

   _____ counsel for plaintiff(s) _____
   _____ counsel for plaintiff(s) _____
   _____ counsel for defendant(s) _____
   _____ counsel for defendant(s) _____

2. The parties recommend the following track:

   _____ Expedited  _____ Standard  _____ Administrative
   _____ Complex  _____ Mass Tort

3. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

   _____ Early Neutral Evaluation  _____ Summary Jury Trial
   _____ Mediation  _____ Summary Bench Trial
   _____ Arbitration  _____ Case is not suitable for ADR at this time

**THIS DISCOVERY PLAN MUST BE FILED 5 CALENDAR DAYS BEFORE THE CMC**

**Lead counsel and clients must attend CMC
unless explicitly excused. This applies to
telephonically held CMC's.**

4. The parties \_\_\_\_\_do/\_\_\_\_\_do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. Initial Disclosures: (check one)

_____ a) Plaintiff made initial disclosures on _____ and all other parties made initial disclosures on _____.

Objections to initial disclosures under Fed. R. Civ. P. 26(a)(1) \_\_\_are/\_\_\_ are not made. If there are objections, they are specified along with the identity of the objecting party in an appendix to this Discovery Plan. The objecting party requests that the Court rule with respect to these disclosures at the Case Management Conference.

_____ b) Initial Discovery Protocols were entered in this case:
   i) The plaintiff's Initial Discovery was provided on _____.
   ii) The defendant's Initial Discovery was provided on _____.

_____ c) This is an ERISA case and does not require initial disclosures. *See* ¶ 6 for suggested briefing schedule.

6. Subsequent proceedings (for ERISA cases):
   a) Defendant shall file the entire administrative record by _____.
   b) Plaintiff shall file the opening brief contemplated by *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring) by _____.
   c) Defendant shall respond by _____.
   d) Plaintiff shall reply by _____.
   e) There shall be no discovery in this case except as set forth in *Wilkins*.

7.    <u>Subsequent proceedings</u> (for non-ERISA cases):

a)    Recommended Discovery Plan: Describe the subjects on which discovery is to be sought and the nature and extent of discovery, including any limitation on the number of interrogatories, the number and/or length of depositions, and/or the number of requests for admission.

_____
_____
_____
_____
_____

b)    The parties (indicate one):

_____ agree that there will be no discovery of electronically-stored information; or

_____ have agreed to a method for conducting discovery of electronically-stored information; or

_____ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules).

c)    The parties ____ have/____ have not reached an agreement regarding the handling of disclosed privileged material. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv). If the parties have reached an agreement for asserting claims of privilege or of protection as trial-preparation material after information is produced, please provide the agreement, including agreements reached under Fed. R. Evid. 502.

_____
_____
_____
_____
_____

d)    Discovery cut-off date: _____.

e)  Recommended dispositive motion date: _____.

f)  Recommended cut-off for amending the pleadings and/or adding additional parties: _____.

g)  Recommended date for a Status Conference: _____.

8. Other matters for the attention of the Court:

_____

_____

_____

_____

_____

_____
Attorney for Plaintiff(s) _____

_____
Attorney for Plaintiff(s) _____

_____
Attorney for Defendant(s) _____

_____
Attorney for Defendant(s) _____

**Objections, if any, to initial disclosures are appended.**